UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEROME CURRY, JR.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROSE M. BACON, BONNIE L. JOHNSON (a.k.a. CURRY), GAYLE P. ERVIN, HOLY FAMILY HOSPITAL, JOHN ROGERS, 911 CALL CENTER, JEROME J. LEVEQUE, FELICE P. CONGALTON, SUE CURLY, and POLICE OFFICER DALMHER<br><br>　　　　　Defendants. | NO.  CV-09-299-JPH<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING FIRST AMENDED COMPLAINT, DENYING UNTITLED MOTION, AND DENYING MOTION/REQUEST FOR LEGAL REPRESENTATION AND EXTENSION OF TIME**<br><br>**1915(g)** |

　　Magistrate Judge Hutton filed a Report and Recommendation on January 14, 2010, recommending Mr. Curry's First Amended Complaint be dismissed in part with prejudice and in part without prejudice (Ct. Rec. 17).  The court also recommended Plaintiff's untitled motion for relief regarding a state court matter be denied.

　　Rather than file Objections, Plaintiff has filed a "Motion/Request for Legal Representation and for Extension of Time to Amend." Plaintiff did not note his Motion for hearing (or present a supporting memorandum) as required by LR 7.1(h), Local Rules for the Eastern

ORDER ADOPTING REPORT AND RECOMMENDATION . . .-- 1

District of Washington.  Since this is the first time Plaintiff has failed to do so, the Court has noted Plaintiff's motion for him on the date signed below. **PLAINTIFF IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT**.

## APPOINTMENT OF COUNSEL/EXTENSION OF TIME

Plaintiff requests the appointment of counsel to assist him in presenting his lawsuit.  This court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted).  The court already provided Plaintiff with relevant legal standards and directed Plaintiff how to present a legally sufficient complaint.  He failed to do so.  The record does not reflect exceptional circumstances that warrant the appointment of counsel to assist Plaintiff.  Therefore, **IT IS ORDERED** Plaintiff's request for appointment of counsel (Ct. Rec. 20) is **DENIED.**

Plaintiff also states he needs "a motion request for extension for 30 days . . . or Feb. 22nd 2010 . . ."  He asserts such an extension will "give [him] time to figure the correct procedures . . . [he has] no access to any law library in WSP camp . . . [he has] to move to get the right access to legal means . . . [he is] seeing justice work against [him] for being a non educated person . . . so can [he] request that the right to be heard on record . . ."  Again, Plaintiff's assertions are

ORDER ADOPTING REPORT AND RECOMMENDATION . . .-- 2

unclear.

Plaintiff already filed a First Amended Complaint which the Magistrate Judge found legally insufficient to state a claim upon which relief may be granted. To the extent Plaintiff is seeking an extension of time regarding state court matters, this court lacks jurisdiction to consider his requests. To the extent he is seeking more time to file an amended complaint, such a request is rendered moot by the submission of the First Amended Complaint. Accordingly, **IT IS ORDERED** the Motion for Extension of time (Ct. Rec. 20) is **DENIED**.

Having considered Plaintiff's submissions and being fully advised in this matter, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety** and Mr. Curry's First Amended Complaint is **DISMISSED in part without prejudice** to Plaintiff pursuing claims regarding alleged prosecutorial misconduct and ineffective assistance of counsel in an appropriate state court proceeding, and **DISMISSED in part with prejudice** for failure to state a claim upon which relief may be granted under under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). **IT IS FURTHER ORDERED** the untitled Motion (Ct. Rec. 15) is **DENIED**.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915**. **This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C.**

ORDER ADOPTING REPORT AND RECOMMENDATION . . .-- 3

**§ 1915(g) and may adversely affect his ability to file future claims**.

**MOTION FOR COURT HEARING**

On February 2, 2010, the court received a document titled, "Motion for Court Hearing" (Ct. Rec. 21), which Plaintiff failed to note for hearing. In light of the disposition of this case, **IT IS ORDERED** Plaintiff's Motion (Ct. Rec. 21) is **DENIED as moot.** As previously advised, Plaintiff should pursue his claims regarding the composition of his jury in an appropriate state court action.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. The court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 3rd day of February 2010.

                    s/Edward F. Shea
                    EDWARD F. SHEA
              United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION . . .-- 4